IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEWIS E. VEARNON, 5113-3E )
    Petitioner, )
     )
    v. ) 2:10-cv-1616
     )
COMMONWEALTH OF )
PENNSYLVANIA, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Lewis E. Vearnon, a pretrial detainee at the Allegheny County Jail has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Vearnon is presently awaiting disposition of charges of unlawful use of an access device, identity theft, receiving stolen property and theft by unlawful taking at Nos. CC 828, 831, 854 and 7819 of 2007 in the Court of Common Pleas of Allegheny County, Pennsylvania. According to the petitioner, and acting under coercion he originally entered a guilty plea, but later moved for and was granted leave to withdraw the plea. Despite numerous attempts to gain release on bail the latest of which was filed on December 10, 2010, he has been unsuccessful and his trial which was originally scheduled for October 15, 2008 has been continued on several occasions and as of this date is still pending although trial is now scheduled for January 10, 2011.[1] On October 6, 2010, Vearnon filed a motion to dismiss pursuant to PA.R.CrimP. 600(d)(1)and (g) [denial of a speedy trial]. There is nothing contained in the petition nor in the state docket sheets demonstrating that the petitioner has sought any form of relief in the appellate courts of Pennsylvania, but instead has filed a petition for a writ of habeas corpus in this Court.

    It is provided in 28 U.S.C. §2254(b) that:

---

[1] See: Court of Common Pleas Docket No. CP-02-CR-828-2007.

1

> An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that the applicant has exhausted the remedies available in the courts of the State,
> or that there is either an absence of available State corrective process or the
> existence of circumstances rendering such process ineffective to protect the rights
> of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied - the state-court adjudication resulted in a decision that (1)
> "was contrary to ... clearly established Federal law, as determined by the Supreme
> Court of the United States," or (2) "involved an unreasonable application of ...
> clearly established Federal law, as determined by the Supreme Court of the
> United States." Under the "contrary to" clause, a federal habeas court may grant
> the writ if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

In the instant case, it is readily apparent that Vearnon has not attempted to secure relief in the state appellate courts, and there is nothing preventing him for doing so. Rather, he has filed a premature petition here without exhausting those remedies, and for this reason his petition here is subject to dismissal.

Accordingly, the petition of Lewis E. Vearnon for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate order will be entered.

ORDER

AND NOW, this 22nd day of December 2010, for the reasons set forth above, the petition of Lewis E. Vearnon for a writ of habeas corpus is dismissed, and a certificate of appealability is denied.

    s/ Robert C. Mitchell
    United States Magistrate Judge